IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY,
FLORIDA

AMY SHIRLEY OLIVER, as Personal
Representative of the Estate of ANTHONY
CARL OLIVER, SR., Deceased, for and on
behalf of the survivors of the Estate of
ANTHONY CARL OLIVER, SR.,

CASE NO.: 6:06-CV-1671-Orl-31DAB

    Plaintiff,

vs.

ORANGE COUNTY, FLORIDA, a political
subdivision of the State of Florida; SHERRIFF MARION BARRY
OF THE ORLANDO POLICE DEPARTMENT; LORI FIORINO
and DAVID BURK, in their official capacities
as Orlando Police Department officers, and
TASER INTERNATIONAL, INC., a foreign
corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, AMY SHIRLEY OLIVER, as Personal Representative of the Estate of

ANTHONY CARL OLIVER, SR., Deceased, for and on behalf of the survivors of the Estate of

ANTHONY CARL OLIVER, SR., by and through the undersigned counsel, sue

the Defendants, ORANGE COUNTY, FLORIDA, a political subdivision of the State of Florida;

ORANGE COUNTY, FLORIDA, a political subdivision of the State of Florida; ORLANDO

POLICE DEPARTMENT; LORI FIORINO and DAVID BURK, in their official capacities

as Orlando Police Department officers, and TASER INTERNATIONAL, INC., a foreign

corporation, and so state the following:

### I. PARTIES AND JURISDICTION

1.    Plaintiff, AMY SHIRLEY OLIVER, as natural mother of, and Personal

1

Representative of the Estate of ANTHONY CARL OLIVER, SR., deceased, for and on behalf of the survivors of the Estate of ANTHONY CARL OLIVER, SR., at all times material to this action was a resident of Brevard County, Florida.

2. At all times hereinafter mentioned, the Defendant, ORANGE COUNTY, FLORIDA, ("COUNTY") is a political subdivision of the State of Florida.

3. Defendant, ORLANDO POLICE DEPARTMENT, is a governmental entity created by Orange County, Florida.

4. Defendant, LORI FIORINO and DAVID BURK, in their official capacities are employees of the Orlando Police Department.

5. Defendant, TASER INTERNATIONAL, INC., is a foreign corporation with minimum contacts with Orange County, Florida.

6. All actions giving rise to this lawsuit occurred in Orange County, Florida, and the amount in controversy exceeds Fifteen Thousand Dollars ($15,000), exclusive of costs, interest, and attorney's fees.

7. This is a civil action arising out of the death of the Plaintiff's decedent, ANTHONY CARL OLIVER, SR, ("OLIVER"), and asserting causes of action against different defendants for wrongful death, negligence, violations of OLIVER'S civil rights under the United States Constitution, specifically the Fourth, Eighth and Fourteenth Amendments thereto, and violations of 42 United States Code Sections § 1983, § 1985 and § 1988 as well as violations of Florida Statutes and common law.

8. This action is brought by the decedent's Personal Representative, AMY SHIRLEY OLIVER, who shall recover for the benefit of the decedent's survivors as defined by

the Wrongful Death Act and the Estate of ANTHONY CARL OLIVER, SR., deceased, all damages specified in the Wrongful Death Act.

9. At all times material hereto regarding the time of the incidents forming the basis of this action, the survivors of the Estate of ANTHONY CARL OLIVER, SR., deceased, were residents of Brevard and Orange Counties, Florida and California.

10. At all times material hereto, the Plaintiff, AMY SHIRLEY OLIVER, is the natural mother, and Personal Representative of the Estate of ANTHONY CARL OLIVER, SR., deceased. A copy of the Letters of Administration appointing, AMY SHIRLEY OLIVER as Personal Representative of the Estate of ANTHONY CARL OLIVER, SR., deceased, is attached hereto as Exhibit "A".

11. At all times material hereto, the statutory survivors of OLIVER, deceased, pursuant to Section §768.18, Florida Statutes (2006) are AMY SHIRLEY OLIVER, as natural mother of OLIVER, and Anthony Oliver, Jr., Sheldon Oliver, Carlicia Oliver, Kelvin Hartlieb, and Michael Oliver, as surviving minor children.

12. Pursuant to Florida Statutes, the potential beneficiaries of the Estate of ANTHONY CARL OLIVER, SR., deceased, are AMY SHIRLEY OLIVER, his natural mother and Anthony Oliver, Jr., Sheldon Oliver, Carlicia Oliver, Kelvin Hartlieb, and Michael Oliver, as surviving minor children.

13. Plaintiffs aver that all conditions precedent to the filing of this action have been complied with and been met, specifically the notice requirements of Section 768.28, Florida Statutes (2006). (The Notice filed pursuant to Section §768.18, Florida Statutes (2006) is attached hereto as Exhibit "B".)

14. The Defendants, and each of them, have rejected or denied the claims of the Plaintiffs herein asserted in writing.

## II. FACTS

15. ANTHONY CARL OLIVER, SR., was born March 12, 1962 and is the natural father of Anthony Oliver, Jr., Sheldon Oliver, Carlicia Oliver, Kelvin Hartlieb, and Michael Oliver.

16. On or about May 31, 2004, at approximately 3:15 P.M. OLIVER was in Orange County, Florida in the vicinity of the intersection of West Colonial Drive (Highway 50) and Tampa Avenue.

17. At the time stated above, OLIVER attempted to communicate with Orlando Police Department (OPD) Officer Lori Fiorino (Ofc. Fiorino) because he believed his safety and well-being were at risk.

18. Ofc. Fiorino then instructed OLIVER to move in front of her vehicle were she could observe him. OLIVER complied with this request.

19. Ofc. Fiorino then exited her vehicle and drew her OPD issued Taser and pointed it at the ground.

20. Ofc. Fiorino contacted OPD dispatch and requested that another officer assist her with the situation.

21. Approximately three (3) minutes later at 3:18 P.M., OPD Officer David Burk arrived at the scene and attempted to get OLIVER to display some form of identification. OLIVER provided the identification to Ofc. Burk.

22. Ofc. Burk initiated physical contact with OLIVER by grabbing his shoulder and

4

forcing him into the median of the roadway.

23. At this point, Ofc. Fiorino determined that use of her Taser was necessary and fired her Taser delivering a five (5) second cycle of electricity immobilizing OLIVER.

24. Ofc. Fiorino delivered three (3) subsequent five (5) second cycles of electricity into OLIVER.

25. The Taser prongs that deliver the electrical impulses eventually became dislodged and Ofc. Fiorino fired a second Taser cartridge and delivered four (4) additional five (5) second cycles of electricity into OLIVER.

26. OLIVER was then handcuffed and picked up off the ground by Ofc. Fiorino and Ofc. Burk and then transported to Florida Hospital South, Orlando, Florida.

27. On June 1, 2004, OLIVER died at Florida Hospital South.

## COUNT I – EXCESSIVE FORCE – WRONGFUL DEATH
### (Officers Fiorino and Burk)

28. Plaintiffs hereby realleges paragraphs one (1) through twenty-eight (28) as fully incorporated herein.

29. Ofc. Fiorino and Ofc. Burk, during the course of the arrest of OLIVER, used more force than necessary to subdue OLIVER and utilized dangerous tactics and exercised poor discretion when deciding to engage OLIVER in a physical confrontation.

30. Ofc. Fiorino and Ofc. Burk acted with malicious purpose and with wanton and willful disregard for the rights and safety of OLIVER when they used excessive force, which was greater than necessary thus causing mortal personal injury to OLIVER.

31. By reason of the foregoing, OLIVER was severely injured and died.

5

WHEREFORE, OLIVER demands compensatory and punitive damages against Defendant HENDRIX in his individual capacity, in an amount to be determined at trial.

### COUNT II: § 1983 FAILURE TO PROPERLY TRAIN STAFF (ORLANDO POLICE DEPARTMENT)

32. Plaintiffs hereby realleges paragraphs one (1) through twenty-eight (28) as fully incorporated herein.

33. Defendant, ORLANDO POLICE DEPARTMENT (OPD), have failed to properly train officers to identify persons who may be afflicted by mental defect, and to properly take actions to deescalate potentially volatile encounters with persons in the public. OPD had a custom, policy or practice of failing to properly train its officers to effectively deal with persons who may be suffering a mental defect.

34. OPD, by and through their agents, employees, and officers have failed to properly train personnel in techniques that minimize the likelihood of dangerous and tragic encounters with members of the public.

35. As a proximate, direct, and foreseeable result of the omissions of OPD to properly train its personnel, OLIVER suffered serious bodily injury and has died as a result.

36. As a proximate, direct, and foreseeable result of the violations of the Fourth and Fourteenth Amendments and the misconduct of OPD, as set forth above, OLIVER has suffered injuries which caused his death.

37. As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed by Florida law and for violation of 42 U.S.C. § 1983 including reasonable compensation for attorney's fees pursuant to 42 U.S.C. § 1988.

43. The Plaintiffs are also seeking damages against Ofc. Fiorino and Ofc. Burk,

because the conduct set forth above constitutes deliberate indifference and willful and intentional conduct towards the public in general and specifically OLIVER and this conduct caused severe injuries which resulted in the death of OLIVER.

WHEREFORE the Plaintiffs demand judgment for damages against Defendant, ORLANDO POLICE DEPARTMENT, whose constitutional violations, civil rights violations and misconduct caused OLIVER'S injuries and subsequent death and for all compensatory damages allowed by law, and other damages allowed by law, attorney's fees and costs hereof and further demand a trial by jury on all issues so triable.

## COUNT III: WRONGFUL DEATH ACTION PURSUANT TO § 768.16 - 768.27, FLORIDA STATUTES AGAINST ORLANDO POLICE DEPARTMENT

44. Plaintiffs hereby realleges paragraphs one (1) through twenty-eight (28) as fully incorporated herein.

45. This is an action for damages against Defendant OPD for the wrongful death of OLIVER.

46. OPD failed to properly train the aforementioned officers in the use of force, what force is necessary to subdue a suspect, and in the use of Tasers, which directly caused the death of decedent as Complained of herein.

47. As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future

7

   Loss of support and services from the date of death and reduced to Present value.

c. Each survivor may recover for their mental pain and suffering from the date of injury.

d. Children of the decedent may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of Injury.

e. Medical or funeral expenses due to the decedent's injury or death May be recovered by the survivor who has paid them.

f. The decedent's personal representative may recover for the decedents estate the following:

  1. The loss of prospective net accumulations beyond death reduced to present value.

  2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

WHEREFORE, Plaintiffs demand judgment for damages against OPD whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs hereof, and further demand a trial by jury on all issues so triable.

## COUNT IV:  § 1983 (POLICY, CUSTOM OR USAGE OF ORLANDO POLICE DEPARTMENT)

48. Plaintiffs hereby reallege paragraphs one (1) through twenty-eight (28) as fully

8

incorporated herein.

49. Defendant, CITY OF ORLANDO POLICE DEPARTMENT, has a policy or practice of using excessive force on arrestees and other suspects, and had a policy or practice in failing to properly train officers how to use Tasers, and in the use of said Tasers.

50. As a direct and proximate result of the aforementioned, Defendant, CITY OF ORLANDO POLICE DEPARTMENT, violated the rights of decedant, thereby causing his death.

As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future Loss of support and services from the date of death and reduced to Present value.

    c. Each survivor may recover for their mental pain and suffering from the date of injury.

    d. Children of the decedent may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of Injury.

    e. Medical or funeral expenses due to the decedent's injury or death

May be recovered by the survivor who has paid them.

f.  The decedent's personal representative may recover for the decedents estate the following:

1. The loss of prospective net accumulations beyond death reduced to present value.

2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

WHEREFORE, Plaintiffs demand judgment for damages against OPD whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs <u>hereof, and further demand a trial by jury on all issues so triable.</u>

### COUNT V: NEGLIGENCE -TASER INTERNATIONAL INC.

51. Plaintiffs hereby realleges paragraphs one (1) through twenty-eight (28) as fully incorporated herein.

52. Defendant, by undertaking a duty to create a product sold to another owed a duty to all persons who might foreseeably be harmed by Defendant's failure to perform its contractual duties in a reasonable and proper manner. Furthermore, the products supplied by Defendant were required to be maintained, and to work as promised by Defendant.

53. Defendant violated this duty by negligently and unreasonably failing to provide sufficient equipment, maintenance, or a training to protect the public from the from the intended use of the product. Furthermore, the equipment was negligently designed, maintained, and or manufactured, causing the system to fail,

10

thus causing the harm complained of herein.

54. Defendant also violated this duty by negligently and unreasonably failing to properly train police officer to use the Taser product used in this case in this, and failing to properly train officers how to use, maintain and or repair the system at issue in this case.

55. Agents of Defendant knew or should have known of the equipment problems in of the Taser weapons at issue in this case, and Defendant unreasonably failed to remedy them.

56. Defendant's actions were willful and wanton, and or reckless and constituted gross negligence.

57. As a direct and proximate result of the aforementioned, Defendant, TASAER, violated the rights of decedent, thereby causing his death.

As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future Loss of support and services from the date of death and reduced to Present value.

    c. Each survivor may recover for their mental pain and suffering from the date of injury.

11

d. Children of the decedent may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of Injury.

e. Medical or funeral expenses due to the decedent's injury or death May be recovered by the survivor who has paid them.

f. The decedent's personal representative may recover for the decedents estate the following:

1. The loss of prospective net accumulations beyond death reduced to present value.

2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

WHEREFORE, Plaintiffs demand judgment for damages against TASER whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs hereof, and further demand a trial by jury on all issues so triableAs a direct result of the conduct complained of herein, Plaintiff has suffered and seeks damages for pain, suffering, bodily injury, disfigurement, loss wages, loss of enjoyment of life, medical bills, lost wages, mental anguish, and any other compensatory damages that may be just and proper.

## COUNT VI: BREACH OF IMPLIED WARRANTY

58. Plaintiff incorporates by this reference, the allegations made in paragraphs (1) and (28) above.

12

59. Defendant, TASER, designed, packaged, produced, sold, installed, and maintained, a Taser weapon at issue in this case, and receive(d) valuable consideration for the sale.

60. Defendant, impliedly warranted that the Taser weapon was fit for the general purpose for which it was sold and provided. Defendant Orlando Police Department, reasonably relied on said warranty, and on the skill and judgment of Defendants in the manufacture, design, installation, maintenance, and monitoring of the Taser weapon at issue in this case.

61. In fact, the TASER weapon at issue in this case was not fit for the general purpose for which it was sold or provided was unreasonably dangerous, defective, and unsafe.

62. The defects present in the TASER at issue in this case were latent, and that the Defendant's had a superior opportunity to inspect and discover said defect.

63. As a direct and proximate result of Defendant's breach of implied warranty, As a direct and proximate result of the aforementioned, Defendant, TASER, violated the rights of decedant, thereby causing his death.

As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future

13

Loss of support and services from the date of death and reduced to Present value.

c. Each survivor may recover for their mental pain and suffering from the date of injury.

d. Children of the decedent may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of Injury.

e. Medical or funeral expenses due to the decedent's injury or death May be recovered by the survivor who has paid them.

f. The decedent's personal representative may recover for the decedents estate the following:

1. The loss of prospective net accumulations beyond death reduced to present value.

2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

**64.** WHEREFORE, Plaintiffs demand judgment for damages against TASER whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs hereof, and further demand a trial by jury on all issues so triablePlaintiff suffered, bodily injury, disfigurement, pain, suffering, mental anguish, lost wages, and other damages/.

65. Plaintiff seeks damages for pain, suffering, bodily injury, disfigurement, loss wages, loss of enjoyment of life, medical bills, lost wages, mental anguish, and any other compensatory damages that may be just and proper.

## COUNT VII: STRICT LIABILITY

66. Plaintiff incorporates by this reference, the allegations made in paragraphs (1) and (28) above.

67. Defendant, TASER, manufactured, sold, installed and maintained, and monitored Taser Weapon at issue in this case, and the components thereof.

68. The Taser at issue in this case failed to perform properly in that it failed to monitor itself, and inform the users of that it could cause the death of Oliver.

69. AS a direct and proximate result of the unreasonably dangerous condition, Plaintiff expired.

70. As a direct and proximate result of the aforementioned, Defendant, TASER violated the rights of decedant, thereby causing his death.

As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future Loss of support and services from the date of death and reduced to Present value.

15

c. Each survivor may recover for their mental pain and suffering from the date of injury.

d. Children of the decedent may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of Injury.

e. Medical or funeral expenses due to the decedent's injury or death May be recovered by the survivor who has paid them.

f. The decedent's personal representative may recover for the decedents estate the following:

1. The loss of prospective net accumulations beyond death reduced to present value.

2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

71. WHEREFORE, Plaintiffs demand judgment for damages against OPD whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs hereof, and further demand a trial by jury on all issues.

## COUNT VII: STRICT LIABILITY

72. Plaintiff incorporates by this reference, the allegations made in paragraphs (1) and (28) above.

73. Defendant, TASER, manufactured, sold, installed and maintained, and monitored Taser Weapon at issue in this case, and the components thereof.

74. Taser Weapon at issue in this case failed to perform properly in that it failed to monitor itself, and inform the users, or TASER, that the system was not working properly. The system failed to warn the user that use of said procuct in the manner described could cause the death of decedant,.

75. This created and unreasonably dangerous condition that proximately caused the decedents death as described above, and below.

76. AS a direct and proximate result of the unreasonably dangerous condition, As a direct and proximate result of the aforementioned, Defendant, TASER, violated the rights of decedant, thereby causing his death.

As a result of OLIVER'S death, the Plaintiffs are entitled to recover all damages allowed under the Florida Wrongful Death Statute including the following damages, to-wit:

    a. Each statutory survivor shall recover the future loss of support and services from the date of death reduced to present value;

    b. Each survivor may recover the value of loss of support and services From the date of decedent's injury to his death with interest and future Loss of support and services from the date of death and reduced to Present value.

    c. Each survivor may recover for their mental pain and suffering from the date of injury.

    d. Children of the decedent may recover for lost parental companionship,

17

instruction, guidance and for mental pain and suffering from the date of Injury.

e.  Medical or funeral expenses due to the decedent's injury or death May be recovered by the survivor who has paid them.

f.  The decedent's personal representative may recover for the decedents estate the following:

   1. The loss of prospective net accumulations beyond death reduced to present value.

   2. Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent.

WHEREFORE, Plaintiffs demand judgment for damages against TASER whose negligence caused the injuries and death of OLIVER, and for all compensatory damages allowed by law, attorney's fees and costs hereof, and further demand a trial by jury on all issues so

Signed this 30th day of May, 2006.

PAUL E. BROSS, Esquire
Florida Bar No.: 0410837
Bross, Bross, Thomas & Mays, LC
50 N. Grove Street
Merritt Island, Florida 32802
Tel: (321) 456-5914
Fax: (321) 452-1689
Counsel for Plaintiffs

18