# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMY SHIRLEY OLIVER, as Personal
Representative of the Estate of Anthony
Carl Oliver, Sr., deceased, for and on behalf
of the survivors of the Estate of Anthony
Carl Oliver, Sr.,**

                **Plaintiff,**

**-vs-**                                                 **Case No. 6:06-cv-1671-Orl-31DAB**

**CITY OF ORLANDO, LORI FIORINO,
Orlando Police Department Officer; DAVID
BURK, Orlando Police Department Officer;
TASER INTERNATIONAL, INC.,**
                **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT TASER INTERNATIONAL, INC.'S AMENDED MOTION TO COMPEL (Doc. No. 81)**
>
> **FILED:** September 21, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part** as to the Interrogatories; and **DENIED without prejudice** as to the Requests for Production.

Plaintiff Amy Shirley Oliver has filed a civil rights suit against the City of Orlando, two Orlando Police Department officers, and Taser International Inc. ("Taser") for claims arising out of the alleged excessive force used during the arrest and leading to the death of her son, Anthony Carl Oliver, Sr. ("the Decedent"). In the Second Amended Complaint, Plaintiff (as the personal

representative of the estate of Decedent), alleges claims for product liability against Taser relating to the design, manufacture and marketing of the Taser product ("Advanced Taser M26") used on the Decedent during the arrest. Doc. No. 30. Plaintiff alleges the defective condition of Taser's product caused Decedent's death and lists claims for negligent failure to warn (Count V); negligent design, manufacture, assembly or distribution (Count VI); strict liability – design defect (Count VII) and manufacturing defect (Count VIII).

Taser served Plaintiff with Interrogatories and Requests for Production on February 26, 2007, and Plaintiff timely responded to both by April 2, 2007. On September 21, 2007, Taser filed this Amended Motion to Compel more complete responses to the discovery responded to in April 2007. Doc. No. 81. Plaintiff's position is that the Interrogatories exceed the number allowed under the Federal Rules, are overbroad, and/or Plaintiff does not currently have the information sought. In response to the portion of the Motion seeking to compel further responses to the requests for production, Plaintiff contends that she has agreed to provide responsive documents concerning experts when the responsive information is provided by her experts, closer to her expert witness deadline in March 2008.

**Analysis**

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery

is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. *S.L. Sakansky & Associates, Inc. v. Allied American Adjusting Co. of Florida*, LLC, No. 3:05cv708-32MCR, 2007 WL 2010860, *1 (M.D. Fla. Jul. 6, 2007). Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Rule 33 of the Federal Rules of Civil Procedure allows any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b). The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979).

Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974). Rule 26 was recently amended to restrict the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685, 687 (S.D. Fla. 2007).

The party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* FED.R.CIV.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle,* 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information"). Thus, to even merit consideration, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).

*Number of interrogatories*

Federal Rule of Civil Procedure 33(a) limits each party to 25 written interrogatories, inclusive of discrete subparts. However, Rule 33 does not define "discrete subparts," and the parties dispute whether Taser's Interrogatories exceed 25 when the subparts are included.[1] *See* Doc. No. 87-2 (complete set of Interrogatories).

"Resolving questions of whether a subpart to an interrogatory is 'discrete' under Rule 33 such that it should be counted separately can be a difficult task" and "courts considering this question have applied various tests." *Williams v. Taser Int'l, Inc.*, No. Civ. 106-cv-51-RWS, 2007 WL 1630875, *2 (N.D. Ga. Jun. 4, 2007) (determining the actual number of interrogatories and discrete subparts when plaintiffs sought to compel responses from Taser International, Inc.); *Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper*, 222 F.R.D. 7, 10 (D. D.C. 2004) (recognizing that

---

[1] Taser also argues that to the extent Plaintiff answered certain interrogatories notwithstanding her objection that it exceeded the allowable number of interrogatories, the objection should be waived. The Court will not overrule Plaintiff's objection on that basis, as her objection was clearly and timely set forth.

identifying a "discrete subpart" under Rule 33(a) "has proven difficult"). Some courts have applied a "related question" test, assessing whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question. *Williams*, 2007 WL 1630875, \*2 (quoting *Ginn v. Gemini, Inc.,* 137 F.R.D. 320, 322 (D. Nev. 1991)). If the subparts are subsumed and necessarily related to the primary question, then the subpart is not "discrete" within the meaning of Rule 33(a). *Williams*, 2007 WL 1630875, \*2. Alternatively, other courts have applied a different "discrete information" standard under which interrogatory subparts which seek discrete pieces of information must be counted separately for purposes of Rule 33(a). *Williams*, 2007 WL 1630875, \*2 (citing *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith,* 155 F.R.D. 189, 191 (D.Neb.1993) ("if the interrogatories require discrete pieces of information, those interrogatories are to be counted as if the sub-parts were specifically itemized")).

In this case, with regard to the damages interrogatories, the subparts are sufficiently logically related to the information sought in the primary question to be counted as a single interrogatory. *See Williams*, 2007 WL 1630875, \*2. If the response to the primary question is affirmative, then the subparts seek, for example, names, addresses, claim numbers, and amounts paid; this is information necessary to properly identify the source of damage or offset. *See* Doc. No. 81 at 4-8.

Because of the Court's ruling as to Taser's contention interrogatories (*see* below), it is unnecessary to reach the "discrete subpart" issue as to those interrogatories. Moreover, because Taser concedes that Interrogatory No. 1 contains discrete subparts, which the Court counts as six discrete interrogatories, Taser's last six Interrogatories (Nos. 20-25) necessarily exceed the allowable number under Rule 33, and Plaintiff's objection is sustainable on that basis alone.

*Damages Interrogatories*

On February 26, 2007, Taser served Interrogatories on Plaintiff, and she served her responses on April 2, 2007. The Interrogatories which Taser seeks to compel concern specific information about Plaintiff's claims for damages: beneficiaries' damages (No. 5); estate damages (No. 6); loss of support and services (No. 7); alternative benefits to survivors or the estate from insurance or governmental agencies (No. 11); if so, details of those benefits (No. 12); payments from any source relating to Decedent's injuries (No. 13), and Decedent's expenses and net worth pre-injury/death (Nos. 17 & 18).         Plaintiff's position is that the Interrogatories exceed the number allowed under the Federal Rules, are overbroad, and/or Plaintiff does not currently have the information sought. Federal Rule of Civil Procedure 26 provides that a party must disclose a computation of any category of damages claimed, and notes that a party "must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully competed its investigation of the case . . . or because another party has not made its disclosures." Rule 26(a)(1).

It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate. Rule 26(e). The Court strongly suggests less posturing, and a more appropriate attitude toward disclosure obligations under the Federal Rules.

The motion to compel is **GRANTED** as to Interrogatories 5-7, 11, 12, 17, 18. Plaintiff shall supplement her response within eleven (11) days.

*Contention Interrogatories*

Taser also seeks to compel responses to Interrogatories concerning Plaintiff's contentions of how Decedent's death happened (No. 14) and facts or evidence in support of Plaintiff's specific contentions against Taser listed in the Second Amended Complaint. (Nos. 20-25).     Federal Rule of Civil Procedure 33 provides that otherwise appropriate interrogatories involving "an opinion or contention that relates to fact or the application of law to fact" are "not necessarily objectionable." FED. R. CIV. P. 33(c).  Such contention interrogatories are "almost universally encountered." *Freedman v. Lincoln Nat. Life Ins. Co.*, No. 3:05-cv-81-12HTS, 2005 WL 2850307, *1-2 (M.D. Fla. Oct. 31, 2005) (citing Paul D. Breitner, *Work Product and the Attorney's Selection Process*, 79-JAN Fla. B.J. 20, 20 (2005)).  However, contention interrogatories occupy a "somewhat disfavored status" as illustrated in "The Middle District Discovery" handbook which weighs in with the following cautionary statement:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents *should be used sparingly* and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions.

MIDDLE DISTRICT DISCOVERY (2001) at 16; *see also Freedman,* 2005 WL 2850307 *2 (denying motion to compel responses to contention interrogatories, except for two which dealt with defendant's affirmative defenses of waiver and estoppel).

Taser's contention Interrogatories in this case raise concerns about overbreadth, and intrusion into counsel for Plaintiff's protected work-product.  Taser has made no specific argument as to how such responses are "designed to target . . . contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution" or "used to identify and narrow

-7-

the scope of unclear claims, defenses, and contentions" consistent with Middle District Discovery guidelines. The single civil case Taser cites, *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005), relates to damages and assigned insurance claims and is inapposite to compelling responses in this case to its contention interrogatories.

The Motion to Compel is **DENIED** as to Interrogatories 14 and 20-25.

*Requests for Production*

Taser served a Request for Production on Plaintiff on February 26, 2007 seeking all documentation of expert witness reports/opinions, establishing a design or manufacturing defect or unreasonably dangerous, standards applicable to warnings or manufacture of the Taser at issue, and records of testing.  Plaintiff served her responses on April 2, 2007, referencing items previously produced along with a Response to Request to Produce of Co- Defendants dated March 7, 2007 and agreeing to provide such documents at a later time.  The gist of Taser's argument to compel responses to the Requests for Production at this time is that, even though Plaintiff has responded that she "will provide" the responsive documents as they become available, no documentation has been produced in the five months since Plaintiff's response was served on Taser.

Plaintiff contends that she is not withholding any discovery that is responsive to Taser's requests, but because the responsive documents are related to the opinions of and testing by expert witnesses, Plaintiff cannot provide the responsive documents until a later time when generated by Plaintiff's expert witnesses.  Plaintiff's expert witness disclosure is not due until March 2008.

The Requests for Production (Nos. 17, 20-24) seek information tied to Plaintiff's expert witnesses opinion.  Taser devotes only one paragraph to the argument that the responses should be

-8-

produced sooner and cites no caselaw in support of its position to overcome Plaintiff's argument that the information is tied to its expert witness disclosures.

To the extend the Motion to Compel seeks to responses to Requests for Production (Nos. 17, 20-24), it is **DENIED** without prejudice to its reassertion in connection with Plaintiff's expert disclosure. The parties' requests for attorney's fees are denied.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2007.

Copies furnished to:

Counsel of Record