# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMY SHIRLEY OLIVER, as Personal
Representative of the Estate of Anthony
Carl Oliver, Sr., deceased, for and on behalf
of the survivors of the Estate of Anthony
Carl Oliver, Sr.,

                **Plaintiff,**

-vs-                                **Case No.  6:06-cv-1671-Orl-28DAB**

CITY OF ORLANDO, LORI FIORINO,
Orlando Police Department Officer; DAVID
BURK, Orlando Police Department Officer;
TASER INTERNATIONAL, INC.,
                            **Defendants.**
_____

# ORDER

This cause is before the Court on Plaintiff Amy Shirley Oliver's Motion for Rehearing

(Doc. 312) (docketed as "Motion for Reconsideration") to which Defendants City of Orlando

("the City"), Lori Fiorino, and David Burk responded in opposition (Doc. 324).  Defendant

Taser International, Inc. ("Taser") filed a separate memorandum in opposition (Doc. 328).

The Defendants in this case filed Motions in Limine to exclude Plaintiff's expert

witness, Dr. Rudner.  (Docs. 275 & 277).  Oliver filed an untimely response to each motion

twelve days after the time to file the response had passed.[1]  The City, Fiorino, and Burk moved

---

[1]According to Local Rule 3.01, parties have fourteen days to respond in opposition to a motion.  Per Federal Rule of Civil Procedure 6(d), three days are added after the period for service when service is made under Rule 5(b) (which includes service by electronic means).

to strike the response to their motion.  (Doc. 287).  Taser also filed a motion to strike the response to Taser's original motion in limine.  (Doc. 288).  Oliver did not respond to either motion.  Thus, the Court entered an Order striking both of Oliver's responses.  (Doc. 308).  Oliver now moves for reconsideration of this Court's order.

Oliver argues that the issue of the admissibility of Dr. Rudner's testimony has already been settled, that there are reasons why her responses were filed late, and that striking her responses would be a "very harsh sanction."  (Doc. 312 at 2-3).  Oliver states that there was a previous Motion in Limine to exclude Dr. Rudner, which was denied.  Nevertheless, the Defendants have raised new grounds in their pending motions, which the Court will address in a separate order.  The issue before the Court currently is the failure of Oliver to respond to the motions, not the substantive issues raised by the motions.

Oliver explains why her responses to the motions were filed late; her counsel states that he expected a *Milburn* order to be issued by the Court, thus prompting counsel to respond to the motions for summary judgment and the motions to exclude Dr. Rudner's opinion testimony.  Oliver adds that her counsel suffered an extremely tumultuous period of time during which he was affected by a number of personal issues.

The Court is unpersuaded by counsel's excuses.  The Second Amended Case Management and Scheduling Order (Doc. 270) lists the time to respond to summary judgment motions.  This Court does not issue *Milburn* orders.  As the Case Management Order states, motions for summary judgment are taken under advisement forty-four days from the date they

-2-

are served.  (Doc. 270 at 6).  Additionally, a *Milburn* order is unrelated to the motions to exclude Dr. Rudner's testimony and thus has no bearing on this issue.[2]

The Court is mindful of counsel's personal issues and understands the difficulties that can affect attorneys and their cases.  However, personal issues do not necessarily amount to "excusable neglect" under the law.  Defendants point out that Oliver does not provide a memorandum of law in her motion, nor does she provide a legal basis upon which this Court may reconsider its prior Order.  As they explain, a motion for reconsideration is an extraordinary remedy that is only awarded in limited circumstances–specifically, to correct manifest errors of law, present newly discovered evidence, or prevent manifest injustice.  (Doc. 324 at 4; Doc. 328 at 4-5).

Reconsideration of a court's previous order is an "extraordinary remedy" that is to be used "sparingly" in the interests of finality and conserving judicial resources.  *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) (citation omitted).  Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from an order for reasons of  mistake, inadvertence, surprise, or excusable neglect;  newly discovered evidence; fraud, misrepresentation or misconduct by an opposing party; or "any other reason that justifies relief."[3] Fed. R. Civ. P. 60(b).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z. K. Marine,*

---

[2] According to the case management order, "[f]ailure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. "  (Doc. 270 at 6, citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).

[3] Rule 60(b) also lists other bases (the judgment being void, or being satisfied, released, or discharged) for relieving a party form a previous order, but they are not relevant to the present case.

*Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985)).  Here, Oliver has offered no basis upon which to grant her motion.  She has included no memorandum of law, nor has she cited any sources that support her motion.  Even reading her motion as if it were brought under Rule 60, this Court does not find a showing of excusable neglect or "other reasons" that justify granting Oliver's motion.  Additionally, Oliver's motions themselves did not sufficiently address Dr. Rudner's qualifications as an expert.  After reviewing the defendant's motions in limine, Dr. Rudner's deposition testimony, and the expert report, Oliver's motions added only superfluous argument.

When Oliver missed the deadline to file the responses to the motions in limine, she could have filed a motion to extend time under Federal Rule of Civil Procedure 6(b), but she did not.  When the Defendants moved to strike her untimely responses, she could have responded to those motions, but she did not.  There has been no showing of "excusable neglect" by Oliver.  Thus, there are no grounds on which to overturn this Court's previous order.

For the foregoing reasons, Plaintiff Amy Oliver's Motion for Rehearing (Doc. 312) (docketed as "Motion for Reconsideration") is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 31st day of May, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

-4-