**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMY SHIRLEY OLIVER, as Personal**
**Representative of the Estate of Anthony**
**Carl Oliver, Sr., deceased, for and on behalf**
**of the survivors of the Estate of Anthony**
**Carl Oliver, Sr.,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-1671-Orl-28DAB**

**CITY OF ORLANDO; LORI FIORINO,**
**Orlando Police Department Officer; DAVID**
**BURK, Orlando Police Department Officer;**
**and TASER INTERNATIONAL, INC.,**
        **Defendants.**

_____

## ORDER

This cause comes for consideration on the motions to strike filed by Defendants City of Orlando ("the City") (Doc. 309), Lori Fiorino (Doc. 310), David Burk (Doc. 311), and Taser International, Inc. ("Taser") (Doc. 320) (collectively, "the Defendants"). Plaintiff Amy Shirley Oliver ("Oliver") responded in opposition to the City, Fiorino, and Burk in one memorandum (Doc. 313) and responded to Taser's motion separately (Doc. 323).

The Defendants in this case have each moved for summary judgment. According to the Court's Case Management and Scheduling Order, Oliver had thirty days to respond to the summary judgment motions. (Doc. 270 at 6). She failed to respond in a timely manner. Twenty-eight days after the deadline, Oliver filed responses to each of the four motions for

summary judgment. (Docs. 305, 306, 307, & 314). It is these responses that the Defendants now seek to have stricken from the record.

The Defendants each argue that Oliver's responses to their motions for summary judgment were filed late and should therefore be stricken. The City, Fiorino, and Burk all filed their motions for summary judgment on February 14, 2011. Oliver had thirty days to respond, but she failed to file her response memoranda until April 13, 2011—twenty-eight days after the deadline to respond had passed. Taser also filed its motion for summary judgment on February 14, 2011. Oliver did not respond until April 15, 2011. As Taser points out, even with the benefit of mailing days provided by Federal Rule of Civil Procedure 6(d), Oliver's response was due March 22, 2011. (Doc. 320 at 3.) Thus, Oliver filed her response at least twenty-four days late.

The Defendants assert that Oliver did not seek to extend the deadline for filing her response. (Docs. 309 at 5; 310 at 4-5; 311 at 4-5; 320 at 3.) Federal Rule of Civil Procedure 6(b) states that a court may extend time either before the original time expires or on a motion made after the time has expired, if the party did not act because of excusable neglect. Fed. R. Civ. P. 6(b).

Oliver responds with three arguments: that the motions for summary judgment were previously filed, had been ruled upon, and should be governed by the law of the case; that Plaintiff's counsel had a "tumultuous five months" that led to the late filings; and that striking her responses would be a "very harsh sanction." (Docs. 313 at 1-3; 323 at 2-5.)

Oliver asserts that the previously ruled upon motions for summary judgment should govern this case. She contends that the issues of causation and exclusion of expert testimony were previously addressed and denied. (*See* Docs. 215 and 218, denying motions for summary judgment). Oliver's argument is irrelevant. The issue before the Court is not the substantive arguments presented in the motions for summary judgment but whether Oliver's untimely responses should be stricken from the record. The Court also notes that the Defendants have presented new grounds in their pending motions for summary judgment.

As to the untimeliness of her responses, Oliver explains that Plaintiff's counsel has faced unique circumstances. Counsel believed that this Court would issue a *Milburn* order directing Oliver to respond to the Defendants' motions for summary judgment. (Docs. 313 at 2; 323 at 4). Oliver also adds that Plaintiff's counsel suffered a number of personal issues that amount to excusable neglect. Lastly, Oliver suggests that granting the motions to strike would be a harsh sanction for litigation that has been ongoing for years. Oliver also assures the Court that counsel will "do his best" to ensure that all future deadlines are met. (Docs. 313 at 3, 323 at 5.)

The Court is concerned with the untimely filing of Oliver's motions. The parties dispute whether Plaintiff's counsel's reasons for her untimely responses constitute "excusable neglect" under the Federal Rules. The Supreme Court has stated that neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 370, 388 (1993). Excusable neglect is an elastic concept, yet "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 390.

Here, the Court's Case Management Order plainly stated that parties have thirty days to respond to motions for summary judgment. Additionally, Plaintiff's counsel received electronic notice when each of the four motions for summary judgment were filed. Plaintiff's counsel states that he was waiting for this Court to issue a *Milburn* order and that with that notice, counsel could have responded timely. "However, mere negligence in failing to respond to a filing is not excusable neglect." *Boyajian v. City of Atlanta*, No. 1:09-CV-3006-RWS, 2011 WL 1262162, at *2-3 (N.D. Ga. Mar. 31, 2011) (citing *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986)). Thus, Oliver's negligence does not amount to excusable neglect.

The Court is mindful of the drastic nature of the remedy here. Striking Oliver's responses leaves the Defendants' motions for summary judgment unopposed. Nevertheless, the motions will not be granted outright; they must be considered on the merits. Counsel's excuses and the harshness of the sanction do not overcome the blatant failure to follow basic scheduling procedures.

In addition to counsel's failure to read the Case Management Order, there have been other lapses in this case. The Court has already stricken Oliver's responses to the Defendants' motions to exclude Dr. Rudner as an expert witness. Counsel has also mis-docketed filings. (*See* Doc. 333.) Such a pattern of indifference cannot be tolerated. Here, Oliver has not submitted any motion for extension of the deadlines to file her responses, nor has she made an affirmative showing of excusable neglect. Without more, Oliver's responses will be stricken.

For the foregoing reasons, Defendant City of Orlando's Motion to Strike (Doc. 309), Lori Fiorino's Motion to Strike (Doc. 310), David Burk's Motion to Strike (Doc. 311), and Taser International, Inc.'s Motion to Strike (Doc. 320) are **GRANTED**.  Plaintiff's Responses to the Motions for Summary Judgment (Docs 305, 306, 307, and 314) are hereby **STRICKEN**. Defendant Taser International, Inc.'s Motion for Extension of Time to File Reply (Doc. 327) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on this 31st day of May, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties